# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

VINCENT VASQUEZ,

               Plaintiff,

   v.

DR. YU, et al.,

               Defendants.

_____/

1:10-cv-02013-LJO-GSA-PC

ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND
(Doc. 19.)

THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT

## I.      RELEVANT PROCEDURAL HISTORY

Vincent Vasquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 26, 2010.  (Doc. 1.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on October 26, 2011, giving Plaintiff the option to either file an amended complaint or notify the Court of his willingness to proceed on the medical care claim against defendant Dr. Yu found cognizable by the Court.  (Doc. 18.)  On November 21, 2011, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (Doc. 19.)

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint must only contain "a short and plain statement of the claim showing that the

7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell

10  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set

11  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.

12  While factual allegations are accepted as true, legal conclusions are not.  Id. at 1949.

13  **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

14        Plaintiff is presently incarcerated at the California Institution for Men ("CIM") in Chino,

15  California.  Plaintiff was incarcerated at Corcoran State Prison ("CSP") in Corcoran, California,

16  when the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff names as

17  defendants Dr. Yu, LVN M. Flores, LVN M. Gonzalez, and Correctional Officer Yost.

18        Plaintiff alleges as follows in the First Amended Complaint.  In mid-July 2009, at the

19  Corcoran State Medical Facility, Dr. Yu stated that nothing was wrong with Plaintiff and that he was

20  faking health problems.  On April 14, 2010, Plaintiff told defendants LVN M. Flores and LVN M.

21  Gonzales that he had blood in his urine.  Defendant Flores said that Plaintiff had probably cut his

22  finger and mixed the blood with his urine, and defendant Gonzalez told Plaintiff to quit being a cry

23  baby.  On April 15, 2010, Plaintiff sought medical attention and defendant C/O Jost ordered him to

24  leave the premises because Plaintiff was faking his medical condition.

25        Plaintiff requests injunctive relief.

26  ///

27  ///

28  ///

**IV.    PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from

1   which the inference could be drawn that a substantial risk of serious harm exists,' but that person

2   'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114

3   S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the

4   official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting

5   Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of

6   medical malpractice or negligence is insufficient to establish a constitutional deprivation under the

7   Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a

8   constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

9          Plaintiff fails to allege sufficient facts to state a medical claim under the Eighth Amendment.

10   Although Plaintiff shows he had a serious medical need, Plaintiff fails to allege sufficient facts

11   demonstrating that any of the Defendants understood that he had a serious medical need and then

12   consciously disregarded an excessive risk to his health or safety, causing harm.

13          With regard to Dr. Yu, Plaintiff fails to explain what Dr. Yu knew and how he knew, whether

14   Dr. Yu examined him or treated him at all, and what injury Plaintiff suffered as a result of Dr. Yu's

15   action or inaction. The Court found, in the first screening order of October 26, 2011, that Plaintiff

16   stated a medical claim against Dr. Yu in Plaintiff's original Complaint. (Doc. 18.) However,

17   Plaintiff has not re-stated the same sufficient allegations against Dr. Yu in the First Amended

18   Complaint. Plaintiff is advised that when he files an amended complaint, he cannot rely on any of

19   the allegations in the prior complaint. An amended complaint must be *complete in itself* without

20   reference to any prior pleading. Local Rule 220 (emphasis added). Plaintiff shall be granted leave

21   to file a Second Amended Complaint, in which he must make sufficient allegations to state a claim.

22          With regard to defendant C/O Jost, Plaintiff fails to allege how C/O Jost knew that Plaintiff

23   had a serious medical condition. It is not sufficient to state that Plaintiff "was seeking medical

24   attention." First Amended Complaint ("ACP"), Doc. 19 at 3 ¶4. Plaintiff must explain what

25   happened to inform defendant Jost about Plaintiff's serious medical need. In addition, Plaintiff must

26   also state facts showing that C/O Jost deliberately disregarded Plaintiff's request for medical

27   attention while knowing that Plaintiff faced a risk of serious harm.

28   ///

1    With regard to defendants LVN Flores and LVN Gonzales, Plaintiff has alleged that he

2    notified them of a serious medical need, to which they made remarks indicating they did not believe

3    him.  These allegations are not sufficient to state a claim.  Plaintiff must allege facts showing that

4    the defendants knew about a serious risk to his health and deliberately disregarded the risk, with their

5    indifference caused him injury.

6    Based on the foregoing analysis, Plaintiff fails to state a cognizable medical care claim

7    against any of the defendants.  Plaintiff shall be granted another opportunity to amend.

8    **V.    RELIEF REQUESTED**

9    Plaintiff seeks only injunctive relief in this action.  Plaintiff requests a court order for CIM

10   to provide him with pain medication, and he requests assistance by the Court in obtaining and paying

11   for medical care after he is released from prison.

12   Any award of equitable relief is governed by the Prison Litigation Reform Act, which

13   provides in relevant part, "Prospective relief in any civil action with respect to prison conditions

14   shall extend no further than necessary to correct the violation of the Federal right of a particular

15   plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court

16   finds that such relief is narrowly drawn, extends no further than necessary to correct the violation

17   of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal

18   right."  18 U.S.C. § 3626(a)(1)(A).  Based on the nature of the claims at issue in this action, which

19   involve past conduct by defendants at Corcoran Medical State Medical Facility, Plaintiff is not

20   entitled to injunctive relief and is therefore confined to seeking money damages for the violations

21   of his federal rights.  The relief requested by Plaintiff would not correct any of the violations alleged

22   by Plaintiff in the complaint.  Therefore, Plaintiff is unable to proceed in this action until he has

23   amended the complaint to request monetary damages as relief.

24   **VI.   CONCLUSION AND ORDER**

25   The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon

26   which relief may be granted under section 1983 against any of the defendants. Therefore, the First

27   Amended Complaint shall be dismissed for failure to state a claim.

28   ///

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).    Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff must also request monetary damages as relief.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purposes of adding unrelated claims.  In addition, Plaintiff should take care to include only those claims for which he has exhausted his administrative remedies.

Finally, Plaintiff is reminded that Local Rule 220 requires that an amended complaint be complete in itself.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's First Amended Complaint, filed on November 21, 2011, is dismissed for failure to state a claim, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

///

///

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;

4.      Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:10-cv-02013-LJO-GSA-PC; and

5.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

**Dated:**   **December 12, 2011**                          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE